FILED

JAN - 3 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

**PHILLIP T. STEWART** :
3612 Chandler Drive
Fort Washington, Maryland 20772 :

                      Case No.:

Plaintiff, :
                     : **JURY DEMAND**

v.

**DISTRICT OF COLUMBIA,**
**Government**, a municipal corporation :
Office of Corporation Counsel
441 4th Street, N.W. : Case: 1:08-cv-00009
Washington, DC 20001 Assigned To : Sullivan, Emmet G.
                     : Assign. Date : 1/3/2008
**TALIKA MOORE**, individually, : Description: Civil Rights-Non-Employ.
and in her official capacity as
Metropolitan Police Dep't. :
Seventh District Station
                     :
Washington, DC 20002
                     :
Defendants.
                     :

---

## COMPLAINT

1.   COMES NOW the Plaintiff, Phillip T. Stewart, by and through his counsel, The Law Office of Jimmy A. Bell, P.C., a professional corporation, and Jimmy A. Bell, Esquire, and respectfully presents this complaint against the Defendants, the District of Columbia, a municipal corporation, and Talika Moore, individually and in her official capacity as Officer in the Metropolitan Police Department for the District of Columbia (MPDC), to enforce his rights under the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983, District of Columbia Human Rights Act, and various common law torts, including, assault, battery, and negligence.

1

## JURISDICTION

2. Jurisdiction of this court is based upon 42 U.S.C. § 1983 and 28 U.S.C. § 1343.

## VENUE

3. Venue is proper in the District of Columbia as the Defendant operates a licensed business in the District of Columbia and the acts complained of occurred within the said jurisdiction.

## STATEMENT OF FACTS

4. During all times mentioned in this Complaint, Plaintiff Stewart was and still is, a citizen of the United States, and he resided, and now resides in the State of Maryland.

5. At all times mentioned here, Defendant, the District of Columbia, was a municipal corporation, charged with overseeing the MPDC; Defendant Moore, was a duly appointed and presently acting Captain in MPDC.

6. At all times material to this Complaint, Defendant Moore was employed as a police officer for the District of Columbia and was acting under the color of his official capacity and his acts were performed under color of the statutes and ordinances of the District of Columbia.

7. Defendant Moore was the servant, agent, and employee of his codefendant, the District of Columbia, so that his acts are imputed to the District of Columbia.

8. Defendant Moore, upon information and belief, is employed in the Seventh District.

9. At all times mentioned here Defendant, District of Columbia was a municipal

corporation, and was the employer of Defendant Eldridge.

10. The District of Columbia provided Defendant Moore with an official badge and identification care which designated and described its bearer as a police officer of the said district's police department. The District of Columbia is the municipal corporation in whose name Defendant Moore performed all acts and omissions alleged here.

11. During all times mentioned herein, Defendant Moore acted under color and pretense of law, to wit, under color of the statues, ordinance, regulations, customs and usages of the District of Columbia.

12. Defendant Eldridge engaged in illegal conduct here mentioned to the injury of Plaintiff and deprived Plaintiff of the rights, privileges, and immunities secured to Plaintiff by the 14th Amendment to the Constitution of the United States and laws of the United States.

13. Early Saturday morning, on November 10, 2007, Plaintiff, Edwin ,and James were employed as security outside of The Avenue Club.

14. Plaintiff noticed an altercation occurring between two females. Plaintiff did not believe the altercation to be a serious one, so Plaintiff continued his conversation with his co-workers.

15. At some point, the two women began crossing the street and one walked into traffic, throwing a drink at the windshield of a bus.

16. Plaintiff noticed that the other women stumbled and almost fell on the sidewalk.

17. At that point, Plaintiff informed the women that he could not allow either to enter the club as their actions made Plaintiff believe the women to be intoxicated.

18. Defendant Moore then began cursing at Plaintiff. Defendant Moore stated that she was not drunk and that "I am the motherfucking police…I'm getting into this motherfucker…you not going to stop me." Defendant Moore then pulled her badge out and again stated that she was going to gain admission and Plaintiff was not going to stop her.

19. Plaintiff informed Defendant Moore that her status as an officer did not change his position that Defendant would not be allowed admission as she was visibly intoxicated.

20. While explaining she was a police officer working at 7 D and had been a police officer for six years, Defendant Moore spit on Plaintiff.

21. Plaintiff's co-workers told Plaintiff not to react, but to call the police instead. Plaintiff flagged down an officer, Car No. 626, and informed the officer that Plaintiff had flagged him down because Plaintiff was assaulted by a woman claiming to be a police officer.

22. The officer told Plaintiff that Defendant Moore was an officer and that he was not going to make out a complaint against another officer.

23. The Officer went on to tell Plaintiff that he could not do anything about the situation and, although this officer was on duty and in uniform, Plaintiff should call 911.

24. Plaintiff then informed the officer that he wanted Defendant Moore and the officer's badge number as the officer refused to make a complaint against Defendant Moore. The officer began yelling at Plaintiff, "Do you see I'm in full

uniform." To which Plaintiff responded that the uniform did not matter as the officer was refusing to take out a complaint against Defendant Moore.

25. Then she started coming over to the car no he is just mad cause he ask me for some pussy and I told him no he was trying to get my number and that is why she did what she did and that is not how that went down.

26. Plaintiff's co-workers and other witnesses began telling Plaintiff not to worry about the situation as the officer appeared to want to arrest Plaintiff. One female witness asked the officer why he was trying to arrest Plaintiff when Defendant Moore was the person that committed a crime. This woman went on to request the officer's badge number and inform Plaintiff that she would testify on his behalf if any charges were ever brought against him.

27. Defendant Moore attempted to call her sergeant. By that time, Plaintiff was already on the line with 911. Plaintiff explained the situation to the 911 operator, adding that Car No. 388 had just arrived on the scene, but there was not any action being taken by any of the officers.

28. A sergeant arrived on the scene as well and escorted Defendant Moore to the car and told Defendant Moore's girlfriend to leave the scene.

29. Plaintiff began trying to ascertain why the officers were allowing Defendant Moore's friend to leave the scene without taking any of her contact or identifying information down for the report.

30. The 911 operator informed Plaintiff that a sergeant was being dispatched to the scene and that Plaintiff should wait for the sergeant to arrive.

31. Plaintiff informed the officers on the scene the he was waiting for the arrival of the sergeant dispatched by the 911 operator.

32. Approximately five to ten minutes later, another sergeant arrived and began speaking to the sergeant already on scene.

33. After speaking with the female sergeant, the sergeant came to speak with Plaintiff.

34. Plaintiff explained that a Caucasian officer took Plaintiff's statement, but did not collect any of the witness information. Plaintiff then showed the sergeant the spit on Plaintiff's jacket and explained that the initial officer, who arrived in Car No. 626, did not want to do anything about the situation.

35. The sergeant then took Plaintiff's information and inquired as to who the officer was that spit on Plaintiff. Plaintiff responded that he only knew that she worked in 7D and that the other officers on scene placed her in a car and allowed her to leave the scene.

36. Plaintiff voiced his dissatisfaction with how the situation was being handled and informed that sergeant that he would pursue a resolution on his own as he had a videotape of the altercation.

37. Then the sergeant said " You have it on video tape?" Then the sergeant seemed to be more interested in what Plaintiff had to say.

38. Plaintiff showed the sergeant the videotape. The sergeant acknowledged that he could see Defendant Moore showing her badge and can see her acting disorderly and lunging forward.

39. The sergeant requested the videotape, however, after how the situation had been handled, Plaintiff was uneasy turning the videotape over to the sergeant.

40. After another officer viewed the tape, Defendant Moore was called back to the scene. When Defendant Moore returned to the scene, both sergeants to speak with Defendant Moore.

41. After speaking with Defendant Moore, she started crying. The sergeant then spoke with the watch commander, who advised that they would not arrest Defendant Moore, but take Plaintiff's information and contact Plaintiff at a later time.

42. Plaintiff inquired as to why Defendant Moore was not required to take a breathalyzer to document Defendant's level of intoxication.

43. The sergeant told Plaintiff that the situation should have been handled differently and that there were a lot of things that had been handled wrong.

44. Defendant Moore came around the car and began to confront Plaintiff.

45. Plaintiff told Defendant Moore that he did not want to interact with her as she may try to spit on him again. The sergeant ordered Defendant Moore to stop yelling at Plaintiff, but Defendant Moore would not stop.

46. Another male officer approached and stated, "I'm ordering you to step to the side...I'm ordering you to stand down."

47. Defendant Moore was told to stand down again, but refused.

48. Another female officer approached and told Defendant Moore that they needed her to calm down, Defendant Moore responded by telling the female officer to get off of her.

49. The female offer then handcuffed Defendant Moore as she would not follow orders, Defendant Moore was arrested at that time.

50. Defendant Moore continued to yell at Plaintiff. Plaintiff returned to the inside of the club until an officer came and told Plaintiff he was needed outside.

51. The watch commander had arrived on the scene and viewed the videotape. Plaintiff informed the officers that he would get them a copy of the videotape, but did not want to turn it over that night.

52. Plaintiff was told that he would be contacted at a later time.

53. Plaintiff has been informed by the U.S. Attorney's Office for the District of Columbia that Defendant Moore was criminally charged with Assault of Plaintiff.

## COUNT I
## ASSAULT
### (Defendant Moore)

54. Plaintiff re-pleads and re-alleges paragraphs 1 through 53, with the same force and effect as if set forth separately at length herein.

55. Defendant Moore's actions of cursing and lunging at Plaintiff put Plaintiff in reasonable apprehension of imminent bodily injury and was undertaken deliberately and with actual malice.

56. As a result of Defendants' conduct, Plaintiff suffered substantial damages, including, but not limited to, extreme pain, suffering, mental anguish, and humiliation.

## COUNT II
## BATTERY
### (Defendant Moore)

57. Plaintiff re-pleads and re-alleges paragraphs 1 through 56, with the same force and effect as if set forth separately at length herein.

58. Defendant Moore's actions of spitting on Plaintiff constituted an intentional touching (or the setting in motion of an event which resulted in an offensive, non-consensual touching) of Plaintiff by Defendant was undertaken deliberately and with actual malice.

59. As a result of Defendants' conduct, Plaintiff suffered substantial damages, including, but not limited to, extreme pain, suffering, mental anguish, and humiliation.

## COUNT III
### DENIAL OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
(All Defendants)

60. Plaintiff re-pleads and re-alleges paragraphs 1 through 59, with the same force and effect as if set forth separately at length herein.

61. Defendants deprived Plaintiff of his civil rights and utilized excessive force against Plaintiff. Said deprivation was the result of Defendant's custom and/or policy, which was the moving force behind said deprivation.

62. A reasonable police officer in Defendants' position could not have believed Defendants' actions to be justified.

63. Defendants acted under the color of the law and acted willfully, knowingly, and purposefully with the specific intent to deprive Plaintiff of his civil rights.

64. In refusing to take action against Defendant Moore and treating Plaintiff as if he had broken the law, Defendants caused Plaintiff to be denied his rights secured by the provisions of the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 United States Code Section 1983.

65. A reasonable inference can be drawn that Defendants' actions were unreasonable; and that their refusal to take action was deliberate.

66. Defendant Moore was the servant, agent, and employee of her codefendant, the District of Columbia, so that his acts are imputed to the District of Columbia.

## COUNT IV
## VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT
## §1402.01
## (All Defendants)

67. Plaintiff re-pleads and re-alleges paragraphs 1 through 66, with the same force and effect as if set forth separately at length herein.

68. Defendants deprived Plaintiff of equal protection of the law as guaranteed by the District of Columbia Human Rights Act § 1402.01.

70. Defendants acted under the color of the law and acted willfully, knowingly, and purposefully with the specific intent to deprive Plaintiff of his civil rights.

71. In refusing to take action against Defendant Moore and treating Plaintiff as if he had broken the law, Defendants caused Plaintiff to be denied his rights secured by the provisions of the due process clause of the District of Columbia Human Rights Act.

72. A reasonable inference can be drawn that Defendants' actions were unreasonable; and that their refusal to take action was deliberate.

73. Defendant Moore was the servant, agent, and employee of her codefendant, the District of Columbia, so that his acts are imputed to the District of Columbia.

## COUNT V
## ASSAULT
## (Defendant Moore)

10

74. Plaintiff re-pleads and re-alleges paragraphs 1 through 73, with the same force and effect as if set forth separately at length herein.

75. Defendant Moore's actions of cursing and yelling at Plaintiff put Plaintiff in reasonable apprehension of imminent bodily injury and was undertaken deliberately and with actual malice.

76. As a result of Defendants' conduct, Plaintiff suffered substantial damages, including, but not limited to, extreme pain, suffering, mental anguish, and humiliation.

## COUNT VI
## DENIAL OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (All Defendants)

77. Plaintiff re-pleads and re-alleges paragraphs 1 through 76, with the same force and effect as if set forth separately at length herein.

78. Defendants custom and/or policy caused the deprivation of Plaintiff's civil rights and Defendants' utilized excessive force against Plaintiff.

79. A reasonable police officer in Defendants' position could not have believed their actions to be justified. Defendants' actions were motivated by the District of Columbia's custom and/or policy so that Defendant's policy was the moving force behind the violation of Plaintiff's rights.

80. Defendants acted under the color of law and acted willfully, knowingly, and purposefully with the specific intent to deprive Plaintiff of his civil rights.

81. In refusing to take action against Defendant Moore and treating Plaintiff as if he had broken the law, Defendants caused Plaintiff to be denied his rights secured by the provisions of the due process clause of the Fifth and Fourteenth Amendments

to the Constitution of the United States, and by Title 42 United States Code Section 1983.

82. A reasonable inference can be drawn that Defendants' actions were unreasonable; and that by allowing Defendant Moore to attack Plaintiff a second time, Defendant acted in deliberate disregard of Plaintiff's rights.

83. Defendant Moore was the servant, agent, and employee of her codefendant, the District of Columbia, so that his acts are imputed to the District of Columbia.

## COUNT VII
## VIOLATION OF DISTRICT OF COLUMBIA HUMAN RIGHTS ACT § 1402.01
### (All Defendants)

84. Plaintiff re-pleads and re-alleges paragraphs 1 through 83, with the same force and effect as if set forth separately at length herein.

85. Defendants actions deprived Plaintiff of equal protections of the law when Defendants allowed Defendant Moore to assault Plaintiff a second time without taking any action against Defendant Moore prior to this second assault.

86. A reasonable police officer in Defendants' position could not have believed Defendants' actions to be justified. Defendants' actions were motivated by the District of Columbia's custom and/or policy so that Defendant's policy was the moving force behind the violation of Plaintiff's rights.

87. Defendants acted under the color of law and acted willfully, knowingly, and purposefully with the specific intent to deprive Plaintiff of his civil rights.

88. In refusing to take action against Defendant Moore and treating Plaintiff as if he had broken the law, Defendants caused Plaintiff to be denied his rights secured by the provisions of the District of Columbia Human Rights Act.

89. A reasonable inference can be drawn that Defendants' actions were unreasonable; and that by allowing Defendant Moore to attack Plaintiff a second time, Defendant acted in deliberate disregard of Plaintiff's rights.

90. Defendant Moore was the servant, agent, and employee of her codefendant, the District of Columbia, so that his acts are imputed to the District of Columbia.

## COUNT VIII
## NEGLIGENCE
### (District of Columbia)

91. Plaintiff re-pleads and re-alleges paragraphs 1 through 90, with the same force and effect as if set forth separately at length herein.

92. Defendants had a duty to use reasonable care to avoid allowing the second assault of Plaintiff to occur.

93. Defendant was put on notice as to the violent tendencies of Defendant Moore when they were informed of the first assault on Plaintiff and further shown the videotape of the first assault and battery on Plaintiff.

94. Defendant breached its duty of care to Plaintiff.

95. Defendant's breach was the proximate cause of the second assault on Plaintiff.

96. As a result of Defendant's breach, Plaintiff suffered harm in that Plaintiff was placed in imminent fear of bodily injury, Plaintiff further suffered mental and emotional anguish, and humiliation.

## RELIEF SOUGHT

97. Plaintiff re-pleads and re-alleges counts 1 through 96, with the same force and effect as if set forth separately at length herein.

98. Plaintiff requests the following relief:

99. Compensatory and punitive damages[1] in the amount of $1,000,000.00.

100. Pre and Post-judgment interest.

101. The costs of litigation, including reasonable attorney's fees and expert witness fees.

102. Such other relief that may be just.

### JURY DEMAND

103. Plaintiff demands a trial by jury.

Respectfully submitted,

Jimmy A. Bell, Esq.
Law Offices of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD 20772
Tel.: (301) 599-7620
Fax: (301) 599-7623
Bar # MD 14639

---

[1] Punitive damages are being claimed against Defendant Moore.

14

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

PHILLIP T. STEWART
3612 Chandler Drive
Fort Washington, Maryland 20772

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Jimmy A. Bell, Esq.
Law Offices of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD 20772
Tel.: (301) 599-7620
Fax: (301) 599-7623

## DEFENDANTS

DISTRICT OF COLUMBIA., et.all
Government,
441 4th Street, N.W.
Washington, DC 20001

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:08-cv-00009
Assigned To : Sullivan, Emmet G.
Assign. Date : 1/3/2008
Description: Civil Rights-Non-Employ.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
◉ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ◉ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ◉ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 usca 1983 violation of constitutional rights under color of law

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 1,000,000   Check YES only if demanded in complaint   JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 1-3-08   SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.